UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LUNDY ENTERPRISES, LLC, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 06-3509 |
| INDUSTRIAL RISK INSURERS, ET AL | SECTION: "S" (1) |

## ORDER AND REASONS

The Motion to Review Magistrate Judge's Order of 6 August 2009 (Doc. #97) is **GRANTED** and the magistrate's order of August 6, 2009 is **REVERSED.**

### BACKGROUND

Plaintiffs are appealing the magistrate judge's ruling ordering the production of a confidential settlement between plaintiffs and plaintiffs' insurance broker, defendant IMA of Kansas, Inc., to plaintiffs' insurer defendant Wausau Underwriters Insurance Company. Plaintiffs sued IMA of Kansas, Inc. for its failure to procure properly flood insurance; and sued Wausau under a policy that it issued to them.

Plaintiffs argue their claims against Wausau and IMA are "mutually exclusive, with no overlap, such that Lundy's settlement with IMA will not impact whatsoever on Lundy's claims against Wausau." Plaintiffs deny that there is solidary liability between IMA and Wausau, and "no

legitimate reason to disregard Lundy's and IMA's express desire that their settlement remain confidential."

Wausau argues that it "is entitled to a set-off of the IMA settlement against any ultimate damages award ... because an insured may not recover in excess of its actual loss." Further, defendant argues that in the prayer of their lawsuit, plaintiffs allege that Wausau and IMA were liable "*in solido*, for all amounts for which defendants are found to be liable to plaintiffs as proven at trial," and that plaintiffs' witness list includes IMA witnesses.

**ANALYSIS**

Of the arguments posited by Wausau, the magistrate reasoned that "the only issue is whether Lundy's settlement with IMA is relevant to the parties' claims and defenses." Focusing on the prayer where plaintiffs allege *in solido* liability and discounting plaintiffs' assurance that they would not call any IMA witnesses, the magistrate ordered the production of the settlement agreement because "[t]he terms and amount of the settlement may entitle Wausau to a set-off."

Focusing on the true claims against IMA, and not on the prayer, reveals that the bases for plaintiffs' claims against IMA and Wausau are different - the former sounds in tort; the latter sounds in contract. The settlement reached between plaintiffs and IMA is not based on an insurance policy, but rather on the tort claim that IMA's failed to procure a policy. While the settlement agreement might have been structured or based on damage on certain locations, the agreement is based on a tort claim. Further, plaintiffs alleged that IMA failed to procure a policy; plaintiffs did not allege that Wausau was involved with that failure.

The primary basis upon which defendants seek production of the confidential settlement is

that an insured is not entitled to double recovery. However, the line of cases relied upon by Wausau concern disputes where a plaintiff has recovery, or potential recovery, under a flood policy and a wind policy,[1] not a situation like the instant matter where a plaintiff has only one policy which can respond to their claims.

In this case, the mere fact that plaintiffs allege *in solido* liability in their prayer is not a basis upon which a confidential settlement agreement should be disclosed. The true theories of plaintiffs' case against Wausau and IMA are different. Wausau's defenses under its policy have nothing to do with the claims that plaintiffs have against IMA. Further, the settlement agreement is not relevant to the parties' remaining claims and defenses as to the Wausau policy.

Plaintiffs stated to the magistrate that they would not be calling any IMA witnesses at trial. Plaintiffs will be bound by that agreement.

The magistrate's order of August 6, 2009, is reversed.

New Orleans, Louisiana, this   28th  day of August, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See e.g., Plaquemines Parish School Board v. Industrial Risk Ins.*, 2009 WL 650366 (E.D. La. Mar. 11, 2009); *Davis v. Allstate Ins. Co.*, 2009 WL 122761 (Jan. 15, 2009) and *Bradey v. Allstate Ins. Co.,* 2008 WL 5110644 (Dec. 2, 2008).