UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUNDY ENTERPRISES, LLC, ET AL | CIVIL ACTION |
| VERSUS | NO: 06-3509 |
| INDUSTRIAL RISK INSURERS, ET AL | SECTION: "S" (1) |

### ORDER AND REASONS

**IT IS ORDERED** that the Motion for Partial Summary Judgment Dismissing Plaintiffs' "First Cause of Action" and in Part "Second Cause of Action" (Doc. #36) by defendant Wausau Underwriters Insurance Company is **GRANTED in part.** As stipulated, plaintiffs' claim for damages is subject to the policy's flood provisions. Additionally, as to six of the twelve disputed properties, Wausau's post-suit payments for flood coverage constituted full payment of all available flood coverage. However, plaintiffs' cause of action for property damage and business interruption losses caused by wind and looting and/or vandalism at all locations is specifically excluded from the dismissal.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment Limiting Plaintiffs' Business Interruption Claims (Doc. #101) by defendant Wausau Underwriters Insurance Company is **GRANTED.** As stipulated, plaintiffs' claim for normal operating expenses is limited

to those expenses incurred as of the date of the lease termination.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Penalties and Attorneys' Fees (Doc. #103) by defendant Wausau Underwriters Insurance Company is **DENIED.**

**IT IS FURTHER ORDERED** that the defendant's Motion to Exclude Testimony and Report of Kent Shepler (Doc. #93) and defendant's Motion to Exclude Report and Testimony of Bryan Huseman and/or Pizza Hut, Inc., Facility Team (Doc. #99) are **DENIED.**

## BACKGROUND

Plaintiffs, Lundy Enterprises, LLC and M-Lund Enterprises, LLC, are the owners of numerous Pizza Hut locations throughout southeast Louisiana, and an office building in New Orleans East, all of which sustained damage as a result of Hurricane Katrina. Plaintiffs seek additional insurance proceeds for eleven of its Pizza Hut locations and an office building under a commercial policy issued to them by defendant Wausau.[1]

## ANALYSIS

**1. Motion for Partial Summary Judgment Dismissing Plaintiffs' "First Cause of Action" and in Part "Second Cause of Action" (Doc. #36)**

*A. Legal Standard*

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to

---

[1]Originally, plaintiffs' suit concerned twelve Pizza Hut locations and their office building. The parties have settled the claim on one restaurant location.

judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

*B. Analysis*

On the same day that Wausau filed its motion for summary judgment, plaintiffs were granted leave to supplement and amend their complaint, adding claims for property damages caused by wind, looting and vandalism. Although plaintiffs concur in the application of *Sher*[2] to the flood provisions of the policy, and that the maximum flood coverage under the policy has been paid, plaintiffs assert that its added claims for property damage and business loss caused by wind, looting and vandalism claims as to all properties remain. Plaintiffs attach a copy of a report from their roofing expert, Gary Browne, as to the roof damage at each of the disputed properties, and an expert report which plaintiffs assert support their claims for additional business loss.

Defendant contends that to the extent the properties suffered flood damages in excess of the coverage provided by the policy, the properties have been damaged by an excluded peril, and the anticoncurrent clause is applicable, and any claims for wind, looting and vandalism are thereby excluded.[3]

---

[2]*Sher v. Lafayette Ins. Co.*, 988 So.2d 186 (La. 2008).

[3]The policy's anticoncurrent clause provides:

> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

3

The flood coverage endorsement of the policy states that flood is "added to the Policy's Covered Causes of Loss." While proceeds under this endorsement are limited and triggered by damages in excess of the coverage limits National Flood Insurance Program, flood is nevertheless an included peril through this endorsement. Once defendant paid the policy limits, flood did not become an excluded peril, but rather a peril for which policy limits have been paid. Both *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419 (5th Cir. 2007) and *Tuepker v. State Farm Fire & Casualty Co.*, 507 F.3d 346 (5th Cir. 2007) are distinguishable as both concerned the application of an anticoncurrent clause in a situation where plaintiff's policy specifically excluded flood coverage and offered no coverage at all for flood.

Defendant argues additionally that plaintiffs' new claims for property damage and business loss caused by wind, looting and vandalism in the supplemental and amending complaint should be dismissed because the allegations of plaintiffs' original complaint constitute judicial admissions that plaintiffs' properties were damaged by flood only. Plaintiffs' original petition does not allege that their properties were damaged by flood alone. Plaintiffs allege that their office building was damaged by wind, and alternatively allege that disruption of utility service occurred "to the various locations caused by substantial wind and hurricane damage qualifying as covered losses under the Wausau Policy, all of which entitled Lundy Enterprises to coverage as to those losses under the Wausau Policy."

The Motion for Partial Summary Judgment Dismissing Plaintiffs' "First Cause of Action" and in Part "Second Cause of Action" is granted in part. As stipulated, plaintiffs' claim for damages is subject to the policy's flood provisions. Additionally, as to six of the twelve disputed properties,

4

Wausau's post-suit payments for flood coverage constituted full payment of all available flood coverage. However, plaintiffs' cause of action for property damage and business interruption losses caused by wind and looting and/or vandalism at all locations is specifically excluded from the dismissal.

**2. Motion for Partial Summary Judgment Limiting Plaintiffs' Business Interruption Claims (Doc. #101)**

This motion concerns eight of the eleven disputed restaurant locations which were leased by plaintiffs. Wausau seeks partial summary judgment, "holding that Lundy cannot recover business interruption proceeds from operating expenses on any leased property beyond the date on which the lease was terminated." Plaintiffs concede that they "will not recover expenses that were not actually incurred and are not recoverable under the policy." The Motion for Partial Summary Judgment Limiting Plaintiffs' Business Interruption Claims is granted. As stipulated, plaintiff's claim for normal operating expenses is limited to those expenses incurred as of the date of the lease termination.

**3. Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Penalties and Attorneys' Fees (Doc. #103)**

*A. Analysis*

Wausau seeks dismissal of plaintiffs' claim for penalties and attorneys' fees under La. Rev. Stat. §§22:658 and 1220, and argues that plaintiffs do not have evidence to support their claims.

As the Fifth Circuit noted in *Dickerson v. Lexington Insurance Co.*, 556 F.3d 290, 297 (5th Cir. 2009)(citations, quotes and footnotes omitted; emphasis in original):

5

Under §22:1220, an insurer owes to its policyholders a duty of good faith in settling claims. Breach of the duty exposes an insurer to liability for damages via discretionary penalties, and attorney's fees via §22:658. Among the enumerated beaches of §22:1220's duty of good faith is failure to pay a claim within 60 days following receipt of satisfactory proof of loss *if* that failure is arbitrary, capricious, or without probable cause. In contrast, §22:658 subjects the insurer to penalties and attorneys' fees for its arbitrary and capricious failure to pay a claim within 30 days. A plaintiff may be awarded penalties under only one of the two provisions, §§22:1220 and 22:658, whichever amount is greater. He may, however, seek attorneys' fees under §22:658 while seeking damages and penalties under §22:1220.

A plaintiff has the burden of proving that his insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner. Arbitrary and capricious has virtually the same meaning under §22:1220 as it does under §22:658; courts interpret the phrase as synonymous with vexatious. Vexatious refusal to pay means unjustified, without reasonable or probable cause or excuse. An insurer does not act arbitrarily and capriciously, however, when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage.

Whether an insurer acted in good faith is a factual, not legal, determination.[4]

As the Supreme Court of Louisiana recently stated:

It is well settled that a satisfactory proof of loss is only that which is sufficient to fully apprise the insurer of the insured's claims. In addition, with regard to the form of a proof of loss, this court has stated that proof of loss is a flexible requirement to advise an insurer of the facts of the claim, and that it need not be in any formal style. As long as the insurer receives sufficient information to act on the claim, the manner in which it obtains the information is immaterial.[5]

---

[4] *Dickerson*, 556 F.3d at 300.

[5] *Louisiana Bag. Co. v. Audubon Indem. Co.,* 999 So.2d 1104, 1119 (La. 2008)(quotes and citations omitted).

6

Whether, and when, an insurer has a satisfactory proof of loss is also a factual determination,[6] and can occur through an inspection of an insurer's own inspection of the damaged property.[7]

Wausau argues that plaintiffs claim for damages due to wind, looting and vandalism was added to this suit two years after the filing of the original petition, and that as result, it is not possible for plaintiffs to have the proof necessary to recover under §§22:658 and 1220. Wausau argues that because it is undisputed that the locations were damaged by widespread flooding, Wausau cannot be in bad faith for concluding that flooding was the cause of the damages as opposed to another peril.

Plaintiffs contend that questions of material fact preclude summary judgment. Plaintiffs argue that Wausau miswrote its policy "in a manner that failed to accurately reflect what the parties intended the coverage would be, then relied on its own mistake to withhold more than $909,000 of flood coverage for nearly 14 months." The policy was not reformed until 2006. In support, plaintiffs provide deposition excerpts of Wausau's underwriting manager who acknowledged that the policy when initially issued failed to include certain excess flood coverage. Plaintiffs argue that their roofing expert has opined that all of the disputed locations experienced significant rain intrusion through the roofs, and that Wausau has "paid virtually nothing for wind damage." In support, plaintiffs provide deposition excerpts of Wausau's adjustor who stated that he saw no visible signs of roof damage or rain penetration into the interior, and conceded that he did not look above the ceilings at any of the disputed locations to see if there was rain penetration.

---

[6]*Reed v. State Farm Mut. Auto. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003).

[7]*See Mamou Farm Servs., Inc. v. Hudson Ins. Co.*, 488 So.2d 259, 264-65 (La. Ct. App. 1986)(where building was total loss, insurer had satisfactory proof of loss as of the date it inspected the building); *and Paul v. Nat. Am. Ins. Co.*, 361 So.2d 1281, 1284 (La. Ct. App. 1978).

Defendant owes plaintiffs a duty of good faith in settling claims. Plaintiffs have the burden of proving that Wausau received a satisfactory proof of loss, failed to pay within the required time and acted in an arbitrary and capricious manner. Whether Wausau acted in good faith is a factual determination. Plaintiffs have provided evidence which creates questions of material fact as to whether Wausau was in bad faith in the settling of plaintiffs' flood and wind claims after the storm. Whether Wausau's reliance on its own mistake in withholding payments of flood coverage was arbitrary and capricious cannot be resolved on a motion for summary judgment. Similarly, whether Wausau was in bad faith in its handling of plaintiffs' wind damage claims is also unresolvable on a motion for summary judgment. These questions of material fact preclude summary judgment as to whether plaintiffs are entitled to penalties and attorney's fees under La. Rev. Stat. §§22:658 and 1220. The Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Penalties and Attorneys Fees is denied.

**4. Motion to Exclude Testimony and Report of Kent Shepler (Doc. #93) and Motion to Exclude Report and Testimony of Bryan Huseman and/or Pizza Hut, Inc., Facility Team (Doc. #99)**

   *A. Legal Standard*

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence."[8] Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

---

[8]*Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998).

> or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

"The admissibility of expert evidence generally is governed by the standard enunciated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which permits admission of testimony only if it is both relevant and reliable."[9] An expert's testimony is reliable if the expert "employs in the courtroom the same level of intellectual vigor that characterizes the practice of an expert in the relevant field."[10] Relevance is a question of "whether the reasoning or methodology properly can be applied to the facts in issue."[11]

*B. Kent Shepler*

Plaintiffs intend to call Kent Shepler as an expert on plaintiffs' business income loss at the eleven restaurant locations.

Wausau's basis for its motion to exclude Shepler's testimony is that his report is unreliable. Wausau contends that Shepler's initial calculation of plaintiffs' continuing business loss expenses was marred by including expenses that were never incurred or recoverable under the policy. Wausau contends that Shepler's use of projected income, rather than income numbers from the 2005 profit/loss statements, was incorrect. Wausau contends that Shepler's report is fundamentally flawed and that Shepler "is not a reliable source for the ... jury to understand the amount of plaintiffs'

---

[9]*Volger v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003).

[10]*Id.*

[11]*Id.*

9

business loss claim."

Shepler admitted in his deposition that his inclusion of rent, utilities, advertising costs and maintenance costs after the leases were terminated was incorrect. Plaintiffs argue that the incorrect assumptions in Shepler's report can be easily removed from his calculations, and that his report as to lost net income and expenses actually incurred is accurate.

The gravamen of the *Daubert* challenge is that Shepler's report is based on faulty assumptions, and not that Shepler lacks qualifications. The court finds that Shepler's report is sufficiently reliable to warrant presentation of his testimony to the jury, where it will undoubtedly be challenged through vigorous cross-examination and defendant's presentation of contrary evidence. Accordingly, the motion is denied.

*C. Bryan Huseman and/or the Pizza Hut, Inc. Facility Team*

Plaintiffs intend to call Bryan Huseman and/or other members of the Pizza Hut, Inc. Facility Team and to offer Huseman "as an expert on the refurbishment and/or construction of Pizza Hut facilities."

Wausau moves to exclude Huseman and the facility team because Huseman has no opinion as to the cause of damages (flood v. wind) to the restaurants at issue. Wausau also challenges the methodology used by Huseman and Huseman's use of a multiplier to calculate repair costs, thereby increasing the estimated costs of repair by 1.4. Wausau argues that Huseman rendered cost estimates at two Chalmette store locations that he never inspected.

Plaintiffs point to Huseman's extensive experience in rendering cost estimates to Pizza Hut restaurant locations. Plaintiffs argue that the methodology used by Huseman is the methodology that

10

he uses daily to ensure that the refurbishing and remodeling of Pizza Hut facilities meet Pizza Hut's specifications, and that he routinely prepares estimates for those projects, making him a reliable expert to provide estimates of the repair costs for each store location.

Huseman is not being offered to give his opinion as to whether damages were caused by wind or flood, but rather for his expert opinion as to cost estimates. The court finds that Huseman's costs estimates are sufficiently reliable to warrant presentation to the jury. Defendant's concerns relative to whether Huseman had sufficient information upon which to base his expert opinion is appropriate for cross-examination, and defendant's presentation of contrary evidence. Accordingly, the motion is denied.

New Orleans, Louisiana, this __8th__ day of September, 2009.

                                      **MARY ANN VIAL LEMMON**
                                      **UNITED STATES DISTRICT JUDGE**