# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUNDY ENTERPRISES, L.L.C. AND M-LUND ENTERPRISES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-3509** |
| **WAUSAU UNDERWRITERS INSURANCE COMPANY, IMA OF KANSAS, INC. AND ABC INSURANCE COMPANY** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Wausau Underwriters Insurance Company's Motion to Strike and/or Exclude Evidence of Plaintiffs' Newly Asserted Claim that Wausau Was in Bad Faith for Mistakenly Issuing the Wrong Flood Coverage (Doc. #134) is **DENIED**.

**IT IS HEREBY ORDERED** that Wausau Underwriters Insurance Company's Motion for Partial Summary Judgment Regarding Bad Faith Mistake Claim (Doc. #164) is **DENIED**.

**IT IS FURTHER ORDERED** that Wausau Underwriters Insurance Company's Motion for Partial Summary Judgment Regarding Prescription/Peremption of Looting and Bad Faith Claim (Doc. #166) is **GRANTED** as to plaintiffs' looting claim and **DENIED** as to plaintiffs' bad faith claim.

**BACKGROUND**

This matter comes before the court on three motions filed by Wausau Underwriters Insurance Company ("Wausau"). Wausau moved for partial summary judgment arguing that plaintiffs cannot assert a claim against it for bad faith for its mistakes in the issuance of the policy. Wausau also moved for partial summary judgment arguing that plaintiffs' bad faith mistake claim and looting claim are prescribed. Additionally, Wausau filed a motion to strike evidence pertaining to plaintiffs' claim that Wausau was in bad faith for mistakenly issuing the wrong flood coverage.

Plaintiffs, Lundy Enterprises, LLC and M-Lund Enterprises, LLC, are the owners of numerous Pizza Hut locations throughout southeast Louisiana, and an office building in New Orleans East, all of which sustained damage as a result of Hurricane Katrina. Plaintiffs seek additional insurance proceeds for some of its Pizza Hut locations and an office building under a commercial policy issued to them by defendant Wausau.

Plaintiffs filed suit in Civil District Court for the Parish of Orleans, State of Louisiana. Wausau removed the action to this court based on diversity jurisdiction. In the petition, plaintiffs allege that defendant IMA of Kansas, Inc. ("IMA") was the insurance broker that procured the Wausau Underwriters Insurance Company ("Wausau") insurance policies for the International Pizza Hut Franchise Holders Association ("IPHFHA") that covered their properties at the time of Katrina. The policies provided commercial property coverage, general liability coverage, and commercial crime coverage. The commercial property policy included coverage for personal property and lost business income, with a limit of $27,212,350. Although the policy excluded property damage caused by water under various circumstances, there was a "Flood Coverage Endorsement" that

2

provided coverage for certain flood occurrences as defined in the endorsement but purported to exclude properties in certain flood zones. Prior policies did not include the flood zone exclusions. Plaintiffs claim that they did not have adequate notice of the exclusions to procure flood insurance in time for the hurricane season and that policy was inconsistent within itself.

In their petition, plaintiffs claim that Wausau improperly denied coverage for water damage at various locations. Specifically, plaintiffs allege that the "flood" was a result of the levee breaches and thus did not meet the narrow definition of flood in the Wausau policy. Plaintiffs also alleged that Wausau's denial of coverage for such water damage was in bad faith and seek penalties under Louisiana Revised Statutes §§ 22:658 and 22:1220.[1] Further, plaintiffs allege that even if the water damage was caused by a "flood," they would still be entitled to coverage for lost business income at the specified locations because the Wausau policy provides lost business income coverage caused by orders of civil authorities, lack of ingress and egress, and disruption of utility service. Plaintiffs also seek bad faith penalties under Louisiana Revised Statutes §§ 22:658 and 22:1220 for Wausau's denial of business income coverage. Finally, in their petition, plaintiffs allege that IMA failed to provide them with adequate notice of the reduction in flood coverage in their policies.

In August 2006, Wausau amended the flood endorsement to retract the exclusion of properties in certain flood zones. Thereafter, on October 23, 2006, Wausau paid plaintiffs $909,786 in coverage for business interruption losses caused by flood at the disputed properties. Plaintiffs

---

[1] On January 1, 2009, Louisiana Revised Statutes §§ 22:658 and 22:1220 were renumbered sections 22:1892 and 22:1913, respectively. Because plaintiffs' allegations and the majority of the case law interpreting the statutes reference the former statute numbers, for ease of reference, the court will use the former numbers herein.

later discovered that the policy was not supposed to have the flood zone exclusions and that Wausau made a mistake in writing the policy. Plaintiffs claim that Wausau relied upon their own mistake in writing the policy to deny flood coverage and that such reliance was arbitrary and capricious.

On December 29, 2008, plaintiffs filed their First Supplemental and Amending Complaint for Damages ("Amended Complaint"). In their Amended Complaint, plaintiffs allege that their properties were looted and suffered wind damage. Plaintiffs also claim that Wausau was in bad faith for failing to pay for such looting and wind damage pursuant to Louisiana Revised Statutes §§ 22:658 and 22:1220.

Wausau filed three previous motions for partial summary judgment. In the first motion, Wausau argued that plaintiffs claims against it in the original petition should be dismissed. Plaintiffs conceded that Sher v. Lafayette Ins. Co., 988 So.2d 186 (La. 2008) applied to their flood claims and that the maximum flood coverage under the policy had been paid for six of the properties. As such, those claims were dismissed. However, the court did not dismiss plaintiffs' causes of action for property damage and business interruption losses caused by wind and looting and/or vandalism at all locations. Further, the court granted Wausau's motion for partial summary judgment, holding that plaintiffs cannot recover business interruption proceeds from operating expenses on any leased property beyond the date on which the lease was terminated. Finally, the court denied Wausau's motion seeking dismissal plaintiffs claims for penalties under Louisiana Revised Statutes §§ 22:658 and 22:1220, reasoning that plaintiffs have provided evidence which creates questions of material fact as to whether Wausau was in bad faith in the settling of plaintiff's flood and wind claims after the storm. Further, the court stated that whether Wausau's reliance on its own mistake in

4

withholding payments for flood coverage was arbitrary and capricious cannot be resolved on a motion for summary judgment.

**LAW AND ANALYSIS**

1. **Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary document to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

2. **Wausau's Motion to Strike and/or Exclude Evidence of Plaintiffs' Newly Asserted Claim that Wausau Was in Bad Faith for Mistakenly Issuing the Wrong Flood Coverage (Doc. #134) and Wausau's Motion Patrial Summary Judgment Dismissing Plaintiffs' Bad Faith "Mistake" Claim (Doc. #164)**

Wausau filed a motion to strike and/or exclude evidence of plaintiffs' bad faith "mistake" claim and also a motion for partial summary judgment seeking dismissal of plaintiffs bad faith

5

mistake claim. In the motion to strike, Wausau argues that plaintiff' first asserted a claim that Wausau is in bad faith for mistakenly issuing the wrong flood coverage in an opposition to a motion for summary judgment, and that evidence of such claim should be excluded because the claim is not properly before the court. Further, Wausau argues that mistake is not state a claim against it for bad faith under Louisiana Revised Statute 22:1220, because the statute requires a knowing action and mistake is not committed knowingly. Wausau also claims that plaintiffs' asserting a bad faith claim against it for mistake is inconsistent with plaintiffs' prior statements that it sued IMA for failure to procure the flood policy property and that Wausau was sued under the policy. Finally, Wausau argues that it would be prejudiced by the inclusion of this claim because it has experienced difficulty in obtaining discovery on the issue. Plaintiffs oppose Wausau's motion to strike arguing that the claim for bad faith against Wausau is not new, but rather Wausau's mistake in issuing the policy is a new factual basis upon which the jury may find that Wausau was in bad faith.

Wausau also file a motion for partial summary judgment arguing that plaintiffs' bad faith mistake claim should be dismissed. Wausau argues that plaintiffs cannot assert a claim for bad faith penalties pursuant to Louisiana Revised Statute § 22:1220 for its alleged mistake in issuing the policy, because a mistake in issuing the policy is not one of the acts enumerated in the statue for which an insurance company can be charged with bad faith, and that plaintiffs cannot prove that Wausau's behavior was "arbitrary and capricious." Plaintiffs oppose the motion arguing that it is not claiming that Wausau's mistake in issuing the policy was in bad faith, but rather, that Wausau's relying upon its own mistake in mis-writing and misinterpreting the flood coverage in denying coverage was in bad faith.

6

"[S]tatutes subjecting insurers to penalties are to be considered penal in nature and should be strictly construed." Theriot v. Midland Risk ins. Co., 694 So.2d 184, 186 (La. 1997). Section 22:1220 enumerates five types of conduct which may subject an insurer to damages and penalties: (1) misrepresenting pertinent facts or insurance policy provisions relating to any coverage issue; (2) failing to pay a settlement within 30 days after an agreement is reduced to writing; (3) denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to or the knowledge or consent of the insured; (4) misleading a claimant as to the applicable prescriptive period; (5) failing to pay the amount of any claim due an insured by the contract within 60 days after receipt of proof of loss when such failure is arbitrary, capricious, or without probable cause. LA. REV. STAT. ANN. § 22:1220. These acts are the only acts for which an insurer can be held liable under section 22:1220. Theriot, 694 So.2d at 188.

Wausau argues that mistake in writing the policy is not one of the acts enumerate by section 22:1220 and, as such, plaintiffs' bad faith mistake claim must be dismissed. In support of its argument, Wausau cites Severn Place Assocs. v. Am. Bldg. Serv., Inc., 05-859 (La. App. 5 Cir. 4/11/06); 930 So.2d 125, and Ansalve v. State Farm Mut. Auto. Ins. Co., 1998-1495 (La. App. 4 Cir. 1999); 737 So. 2d 948. In Severn Place, the Louisiana Fifth Circuit Court of Appeal held that plaintiffs' claim based on an insurance premium increase did not state a cause of action under section 22:1220. 930 So.2d at 129. Similarly, in Ansalve, the Louisiana Fourth Circuit Court of Appeal held that plaintiff's claim regarding a failure to renew a policy did not state a cause of action under section 22:1220. 737 So. 2d at 951.

7

Wausau is correct that section 22:1220 does not apply to a mistake in writing a policy. However, plaintiffs' claim for bad faith is not that Wausau made a mistake in writing the policy, but rather that Wausau relied upon its own mistake to withhold payment under the policy and that such failure to pay was unreasonable, arbitrary, and without probable cause. In other words, plaintiffs claim that withholding payment in reliance on the underwriting mistake was in bad faith. Thus, plaintiffs have stated a claim under section 22:1220.[2] Wausau's alleged reliance upon its own mistake to delay paying plaintiffs' insurance claim is a factual basis upon which the jury may find that Wausau was in bad faith.

As the Fifth Circuit noted in Dickerson v. Lexington Insurance Co., 556 F.3d 290, 297 (5th Cir. 2009)(citations, quotes and footnotes omitted; emphasis in original):

> Under §22:1220, an insurer owes to its policyholders a duty of good faith in settling claims. Breach of the duty exposes an insurer to liability for damages via discretionary penalties, and attorney's fees via §22:658. Among the enumerated beaches of §22:1220's duty of good faith is failure to pay a claim within 60 days following receipt of satisfactory proof of loss *if* that failure is arbitrary, capricious, or without probable cause. In contrast, §22:658 subjects the insurer to penalties and attorneys' fees for its arbitrary and capricious failure to pay a claim within 30 days. A plaintiff may be awarded penalties under only one of the two provisions, §§22:1220 and 22:658, whichever amount is greater. He may, however, seek attorneys' fees under §22:658 while seeking damages and penalties under §22:1220.
>
> A plaintiff has the burden of proving that his insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner. Arbitrary and capricious has virtually the same meaning under

---

[2] In their original petition, plaintiffs made a claim against Wausau for bad faith under Louisiana Revised Statutes §§ 22:658 and 22:1220.

> §22:1220 as it does under §22:658; courts interpret the phrase as synonymous with vexatious. Vexatious refusal to pay means unjustified, without reasonable or probable cause or excuse. An insurer does not act arbitrarily and capriciously, however, when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage.

Whether an insurer acted in good faith is a factual, not legal, determination. Id. at 300.

In <u>Louisiana Bag Co., Inc. v. Audubon Indem. Co.</u>, 2008-0453 (La. 12/2/2008); 999 So.2d 1104, 1117, the Louisiana Supreme Court noted that the insurer is charged with knowledge of its own policy and bears the risk of penalties for its errors in misinterpreting the policy. (citing <u>Carney v. Am. Fire & Indemn. Co.</u>, 371 So.2d 815, 819 (La. 1979)). Further, the Louisiana Supreme Court noted that "if an insurer errs in interpreting its own insurance contract, such error will not be considered as a reasonable ground for delaying payment of benefits, and will not relieve the insurer of the payment of penalties and attorney's [sic] fees." Id. (internal quotation and citations omitted).

The cases upon which Wausau relies for the proposition that mistake cannot qualify for penalties under section 22:1220 because bad faith requires a bad intent and knowing, intentional dishonesty do not change the analysis. In <u>Chateau Argonne Condo. Ass'n v. State Farm Ins. Co.</u>, 2008 WL 4411654, *4 (E.D. La. 9/19/08), the court found that the fact that the parties disputed the total cost of the repairs did not warrant the imposition of bad faith penalties. Also, in <u>Combetta v. Ordoyne</u>, 2004-2347 (La. App. 2 Cir. 2006); 934 So.2d 836, 843, the court found that the insurers was not in bad faith because it did not know about the extent of the injuries to one of the claimants. Finally, in <u>Kodrin v. State Farm Fire and Cas. Co.</u>, 314 Fed. Appx. 671 (5th Cir. 2009), the court held that insurers mistake as to the cause of the loss was not evidence of bad faith. Here, Wausau

9

knew that flood caused most of the loss and must have had some proof of loss on business interruption because it eventually paid plaintiffs some amount for such loss. The mistake was as to the terms of the policy, not the amount, extent, or cause of the loss. Further, plaintiffs presented testimony that shows that Wausau knew about the mistake at the time the policy was written. Whether Wausau's reliance on its own mistake in withholding payments for flood coverage was arbitrary and capricious cannot be resolved on a motion for summary judgment and because there are disputed issues of fact on this issue the court cannot strike or exclude such evidence.

### 3. Wausau's Motion for Partial Summary Judgment Regarding Prescription/Peremption of Looting and Bad Faith Claim (Doc. #166)

Wausau filed a motion for partial summary judgment seeking dismissal of plaintiffs looting and bad faith claims on the grounds that such claims are prescribed or perempted. Wausau argues that plaintiffs' looting claims are prescribed because they were not brought within two years of the date of the loss as required by the policy. Also, Wausau argues that plaintiffs' "newly asserted" claim for bad faith based upon Wausau's mistake is prescribed pursuant to Louisiana's one year prescriptive period for torts and/or perempted under Louisiana Revised Statutes § 9:5606, which provides a three year peremption period for alleged negligence arising out of an engagement to provide insurance.

Plaintiffs oppose the motion, arguing that the policy requires them to file an action within two years of the loss, not that every claim must be asserted within two years. Plaintiffs assert that their looting claim should relate back to the filing of the action because the looting claim arises out of Hurricane Katrina, which caused the flooding and wind damage, and Wausau had notice of such

claim. Further, plaintiffs argue that the bad faith "mistake" claim is not new because this is just a newly revealed factual basis for the bad faith claim that has been asserted since the beginning of the lawsuit and that Wausau cannot argue that claims against it are perempted under Louisiana Revised Statutes § 9:5606 because that statute only applies to insurance agents, not insurance companies.

### A. Plaintiffs' Looting Claim

In their Amended Complaint, plaintiffs' asserted a claim against Wausau for looting. The original petition did not include such a claim. "Federal Rule of Civil Procedure 15(c) is a procedural provision to allow a party to amend an operative pleading despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future related claims." Kansa Reinsurance v. Congressional Mortgage Corp., 20 F.3d 1362, 1366-67 (5th Cir.1994). The "relation back" doctrine recognizes that the purpose of the statute of limitations is accomplished by the filing of the initial pleading. Id. Rule 15(c) provides, in pertinent part, that an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Relation back is not allowed when the plaintiff attempts to add an entirely different conduct, transaction, or occurrence into the case. F.D.I.C. v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994). Similarly, "if the alteration of a statement of a claim contained in an amended complaint is so substantial that it cannot be said that the defendant was given adequate notice of the conduct, transaction, or occurrence, that forms the basis of the claim or defense, then the amendment will not

11

relate back." Id. at 1386 (internal quotation omitted). The Fifth Circuit has stated that the language of Rule 15(c) is the best test for determining whether an amendment relates back. Id.

Wausau, relying on Adams v. Lexington Ins. Co., 2009 WL 362446 (E.D. La. 2009), argues that plaintiffs' looting claim does not relate back to the filing of the original petition because looting and Hurricane Katrina damage do not arise out of the same conduct, transaction, or occurrence and that the original petition did not give Wausau notice of a potential looting claim. Plaintiffs, on the other hand, argue that the looting would not have occurred but for the mandatory evacuation orders that resulted from Hurricane Katrina and that they told Wausau about the looting six months after Hurricane Katrina.

In Adams, the court found that the plaintiffs' looting claim did not relate back to the filing of the original petition in which plaintiffs alleged damages from Hurricane Katrina. 2009 WL 362446, at *2 (E.D. La. 2009). Here, the plaintiffs' claims do not relate back to the filing of the original petition. In the original petition, plaintiffs allege that they suffered wind and flood damage that resulted from Hurricane Katrina. In their Amended Complaint, plaintiffs added a claim for looting. Hurricane Katrina was a meteorological event. Looting was caused by human action. Therefore, the two claims do not arise out of the same conduct, transaction, or occurrence as required by Rule 15(c)(1)(B) for relation back. Because plaintiffs failed to bring their looting claim within the two year limit provided by the policy, such claims are prescribed.

Further, the fact that plaintiffs' filed an action within the two year prescriptive period, does not change the analysis. Under Louisiana law, acknowledgment of the receipt of notice of loss or claim under the policy, furnishing forms for reporting a loss or making a proof of loss, receiving or

12

acknowledging receipt of proof of loss forms, investigating a claim, or negotiating a claim do not constitute a waiver of any provision of a policy or any defense thereunder, including a defense of prescription, unless the insurer did something that would lead the plaintiff to reasonably believe that it would not require compliance with the prescriptive period. See La. Rev. Stat. Ann. § 22:879; see also Blum v. Cherokee Ins. Co., 336, So.2d. 894, 897 (La. App. 4 Cir. 1976); Stephens v. Audubon Ins. Co., 27,658 (La. App. 2 Cir. 12/6/95); 665 So.2d 683, 685-86. Plaintiffs do not claim that Wausau led them to believe that it would not require compliance with the policy's prescriptive period. Thus, even if Wausau was informed that plaintiffs had looting damage, plaintiffs did not timely file suit on such claims.

### B. Plaintiffs' Bad Faith Mistake Claim

Wausau argues that plaintiffs' claim for bad faith based on its mistake in writing the policy is prescribed because it was asserted four years after the policy's issuance. Plaintiffs, on the other hand, argue that the claim is not new, but rather a new factual basis for the bad faith claim that was asserted in the original petition. Plaintiffs also argue that prescription cannot run against them as to this claim because they did not know about the cause of action, while Wausau knew about the mistake as early as 2006.

Louisiana Revised Statute § 22:1220 is subject to Louisiana's one-year prescriptive period applicable to torts. Brown v. Protective Life Ins. Co., 353 F. Supp. 2d 739, 743 (E.D. La. 2004) (J. Lemmon) (citing Zidan v. USAA Property & Cas. Ins. Co., 622 So.2d 265, 266 (La. App. 1 Cir. 1993)). The prescriptive period begins to run from the day the injury or damage is sustained. LA. CIV. CODE ANN. art. 3492 (2009). Plaintiffs' claim for bad faith is not prescribed. As explained

13

above, plaintiffs have not attempted to assert a new claim for bad faith based on Wausau's mistake in writing the policy. Instead, plaintiffs claim that Wausau's reliance upon its own mistake in delaying payment of plaintiffs' insurance claim is a factual basis upon which the jury may find that Wausau was in bad faith. Plaintiffs asserted their bad faith claim against Wausau in their original petition. The petition was filed on June 7, 2006, less than one year after Hurricane Katrina. Thus, plaintiffs' claim is not prescribed.

Wausau also argues that plaintiffs' bad faith claim is perempted under Louisiana revised statute § 9:5606. Section 9:5606 provides a three year peremption period for claims against any insurance agent, broker, soliciter, or similar licensee arising out of an engagement to provide insurance services. Wausau argues, that the statute should apply to insurance companies where an agent or broker was more than merely a passive participant in the transaction at issue. Also, Wausau contends that plaintiffs first asserted the bad faith mistake claim in August 2009 and that the policy was issued in 2005, thus, any claim related to the issuance of the policy is perempted.

Plaintiffs asserted their claim for bad faith against Wausau in their original petition and Wausau's reliance on its mistake in delaying payment is a factual basis upon which the jury may find bad faith. Plaintiffs' bad faith claim against Wausau revolves around Wausau's alleged arbitrary and capricious delay in paying plaintiffs' insurance claim, not the issuance of the policy. Thus, section 9:5606 is inapplicable. Further, even if section 9:5606 were applicable, plaintiffs' claim is not perempted thereunder because the policy was issued on July 1, 2005 and plaintiffs filed suit against Wausau, including their bad faith claim, on June 7, 2006.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Wausau Underwriters Insurance Company's Motion to Strike and/or Exclude Evidence of Plaintiffs' Newly Asserted Claim that Wausau Was in Bad Faith for Mistakenly Issue the Wrong Flood Coverage (Doc. #134) is **DENIED**.

**IT IS HEREBY ORDERED** that Wausau Underwriters Insurance Company's Motion for Partial Summary Judgment Regarding Bad Faith Mistake Claim (Doc. #164) is **DENIED**.

**IT IS FURTHER ORDERED** that Wausau Underwriters Insurance Company's Motion for Partial Summary Judgment Regarding Prescription/Peremption of Looting and Bad Faith Claim (Doc. #166) is **GRANTED** as to plaintiffs' looting claim and **DENIED** as to plaintiffs' bad faith claim. Plaintiffs' looting claims are hereby dismissed.

New Orleans, Louisiana, this  29th  day of December, 2009.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**