UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUNDY ENTERPRISES, L.L.C. AND<br>M-LUND ENTERPRISES, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 06-3509 |
| WAUSAU UNDERWRITERS<br>INSURANCE COMPANY, IMA OF<br>KANSAS, INC. AND ABC<br>INSURANCE COMPANY | SECTION: "S" (1) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion to Reconsider This Court's Order Granting Wausau's Motion for Partial Summary Judgment Regarding Prescription/Peremption of Looting Claim filed by plaintiffs, Lundy Enterprises, L.L.C. and M-Lund Enterprises, L.L.C. (Doc. # 236), is **DENIED**.

**BACKGROUND**

Plaintiffs, Lundy Enterprises, L.L.C. and M-Lund Enterprises, L.L.C., are the owners of numerous Pizza Hut locations throughout southeast Louisiana, and an office building in New Orleans East, all of which sustained damage as a result of Hurricane Katrina. Plaintiffs filed suit seeking additional insurance proceeds for some of their Pizza Hut locations and an office building under a commercial policy issued to them by defendant, Wausau Underwriters Insurance Company

("Wausau"). In the petition, plaintiffs allege that their properties sustained wind and flood damage as a result of Hurricane Katrina. On December 29, 2008, plaintiffs filed an amended complaint in which they allege that their properties were looted. Wausau moved for summary judgment on plaintiffs' looting claim arguing that such claims were prescribed. The court granted Wausau's motion finding that plaintiffs' looting claim did not relate back to the filing of the petition, because looting and Hurricane Katrina wind and flood damage do not arise out of the same conduct, transaction, or occurrence as required by Rule 15(c)(1)(B) for relation back. Plaintiffs moved for reconsideration.

## ANALYSIS

**1. Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within ten days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Because plaintiffs filed the instant motion within 10 days of the issuance of the Order and Reasons, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to

correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**2. Motion for Reconsideration**

Plaintiffs argue that the court committed manifest error in holding that their looting claim is prescribed. Plaintiffs contend that the court erred in finding that the two-year prescriptive period in the Wausau policy applied to the looting claim, because the policy only requires that an "action" be brought within two years, not that every claim be filed within two years. Plaintiffs claim that they filed an "action" for breach of contract, and that failure to pay looting damages is another basis upon which Wausau breached the contract. Plaintiffs argue that the policy's prescriptive period provision is ambiguous, and should be construed against the insurer. To that end, plaintiffs contend that, because they filed an "action" within two years, their looting claim is not prescribed.

Wausau argues that plaintiffs are relitigating their position, which is prohibited under rule 59(e). Wausau argues that plaintiffs motion should be denied because plaintiffs raised the exact same argument in opposition to Wasuau's motion for summary judgment, and plaintiffs have not offered any new evidence to support reconsideration.

In their motion for reconsideration, plaintiffs re-hash exactly the same argument they made in opposition to Wausau's motion for summary judgment. The court has already considered plaintiffs' argument regarding their filing an "action" within the policy's prescriptive period. Rule 59(e) is not for re-litigating matters that have been resolved to the movants's dissatisfaction.

3

Therefore, plaintiffs' motion is denied.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion to Reconsider This Court's Order Granting Wausau's Motion for Partial Summary Judgment Regarding Prescription/Peremption of Looting Claim filed by plaintiffs, Lundy Enterprises, L.L.C. and M-Lund Enterprises, L.L.C. (Doc. # 236), is **DENIED**.

New Orleans, Louisiana, this 13th day of January, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**