UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUNDY ENTERPRISES, LLC, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-3509-MVL-SS** |
| **WAUSAU UNDERWRITERS INSURANCE COMPANY, et al** | |

## ORDER

WAUSAU'S MOTION FOR SANCTIONS (Rec. doc. 247)

**GRANTED IN PART**

The defendant, Wausau Underwriters Insurance ("Wausau"), filed a motion for sanctions, including a prohibition on the introduction of any evidence to support the claim of the plaintiffs, Lundy Enterprises, LLC and M-Lund Enterprises, LLC (collectively "Lundy"), for damages from Wausau's alleged mistake in withholding $909,000 of flood coverage for fourteen months. For the reasons described below, it is ordered that Wausau's motion is granted in part and Lundy is barred from offering Exhibit 1 referred to in its answer to interrogatory no. 3.

## BACKGROUND

On September 10, 2009, the District Judge continued the trial to permit Wausau to conduct "discovery on newly alleged factual and legal theories." Rec. doc. 136. The trial is now set for January 25, 2010. Rec. doc. 140. The discovery was served on November 11, 2009. Lundy did not respond. On December 22, 2009, Wausau filed a motion to compel contending that some of the discovery sought information and documents regarding Lundy's newly alleged bad faith claims. Rec. doc. 214 at 2. Lundy responded that the discovery went beyond the limited scope permitted

by the District Judge's order of September 10, 2009. Rec. doc. 225. Lundy was ordered to respond to interrogatory nos. 3, 4, and 5 and request for production nos. 1 and 2 because they related to the "newly alleged factual and legal theories." It was given until January 11, 2010 to respond. Wausau's request for sanctions was denied. Rec. doc. 229.

On January 11, 2010, Lundy served responses to the discovery. Interrogatory no. 3 sought identification of the damages suffered by Lundy as a result of Wausau's alleged mistake and production of the documents relating to these damages. In response, Lundy stated:

> The damage caused by Wausau withholding more than $909,000 of flood coverage for nearly 14 months has proven to be devastating to Lundy Enterprises during a time when its very survival was at stake. The damage in lost reputation and vendor confidence during the 14 month period Wausau did not pay is pervasive and is very difficult to precisely calculate; however, attached as Exhibit 1, is a detailed vendor listing showing the average number of days it took Lundy Enterprises to pay various vendors during the period Wausau withheld payment. Also, included in Exhibit 1 is a spreadsheet showing when Lundy Enterprises paid Pizza Hut, Inc. (PHI) its franchise royalty fees, and when payments were made to IPHFHA (International Pizza Hut Franchise Association).

Rec. doc. 247(Exhibit C at 2). Lundy's response includes ten bullet points, for example, "[v]endors initiated interest rate charges of 18% or more as retribution against Lundy Enterprises for paying late." It contends that these are the effects of Wausau's failure to pay the $909,000. Id. at 3.

## ARGUMENTS OF THE PARTIES

Wausau contends that: (a) Lundy did not provide any documentation to support the alleged damages; (b) it did not identify anyone with knowledge of the facts; (c) no documents were produced in support of the spread sheets comprising Exhibit 1; and (d) the spread sheets are meaningless. Lundy responds that: (a) Wausau had sufficient opportunity to conduct discovery on the mistake claim; (b) it produced all documentation in its possession, custody or control which supports the claim; (c) there will be no trial by ambush because it will not offer any documents

2

which were not produced on or before January 11, 2010; (d) Wausau conducted discovery through depositions on the late payment of premiums and cash flow problems; and (e) it should not be precluded from offering the documents produced in discovery, including Exhibit 1.

ANALYSIS

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), sanctions may be imposed where a party "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a)." Id. The sanctions include "prohibiting the disobedient party . . . from introducing designated matters in evidence." Id. Pursuant to Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Id. "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence. . ." Fed. Rule Civ. P. 37(c) Advisory Committee's Note, 1993 amendments.

The January 4, 2010 order (Rec. doc. 229) granting Wausau's motion to compel was issued pursuant to Fed. R. Civ. P. 37(a). Exhibit 1 is evidence of Lundy's damages on its mistake claim. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Lundy was required to produce:

> [A] computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 <u>the documents or other evidentiary material. . . on which each computation is based</u>. . . .

Id.(emphasis added). In an earlier set of interrogatories, Wausau sought all documents supporting Lundy's contention that La. Rev. Stat. Ann. §22:658 and 1220 were violated. Rec. doc. 247 (Exhibit A at 7). A party who has made a disclosure under Rule 26(a) or responded to an interrogatory must supplement or correct its disclosure or response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

There are two parts to Exhibit 1. Lundy described one part as a detailed vendor listing

3

showing the average number of days it took it to pay various vendors during the period Wausau withheld payment. This Excel document contains more than 6,000 lines. The entries raise questions. For example, the entries bearing number 145 for Aqua Pure Inc. include at least two invoices for 2004. There is no explanation as to how Wausau's alleged acts and omissions after Katrina are responsible for Lundy's failure to pay 2004 invoices. The spreadsheet contains no description of the services or supplies sold to Lundy. There is no evidence as to what the date assigned to the invoice refers. It could be the date of the invoice, the date payment was due, or the date on which the services or supplies were provided.

No documents backing up the Excel vendor spread sheet were produced. Lundy has not produced the foundation evidence necessary for Wausau to cross-examine a Lundy financial officer on how the spread sheet was prepared to test the accuracy of the information on the spreadsheet, or the conclusions to be drawn from it. This foundational evidence is called for by Rule 26(e). Such evidence also was called for interrogatory no. 3 and request for production no. 1 which requested documents relied upon in making the calculation of the damages.

The second part of Exhibit 1 is a one page spread sheet for royalty and advertising amounts. Lundy did not provide any foundational documents for it, so Wausau has no means of cross-examining a Lundy witness who may attempt to use the spread sheet to support the claim that damages are owed for Wausau's alleged mistake.

Thus, Lundy did not comply with the January 4, 2010 discovery order to respond fully to interrogatory no. 3 and request for production no. 1 from the November 11, 2009 written discovery. It did not comply with its duty to supplement its initial disclosures with all documents or other evidentiary material on which its damage calculations are based. There is no time left for further

discovery. Lundy has not demonstrated that the failure to provide the foundational evidence for the spread sheets is harmless or is substantially justified. Lundy shall be barred from offering the two spread sheets for any purpose at the trial of the case.

IT IS ORDERED that:

1. Wausau's motion for sanctions (Rec. doc. 247) is GRANTED in PART.

2. Lundy is barred from offering Exhibit 1 referred to in its answer to interrogatory no. 3 (Rec. doc. 247- Exhibit C), the detailed vendor spread sheet and the royalty and advertising spread sheet, for any purpose at the trial of the case.

3. **Any appeal of this order must be filed by 12:00 noon on Friday, January 22, 2010.**

New Orleans, Louisiana, this 21st day of January, 2010.

                                            **SALLY SHUSHAN**
                                    **United States Magistrate Judge**

**cc: United States District Judge Lemmon**